**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ROMULO MUR,

      Plaintiff,

vs.                                             Case No.  2:07-cv-358-FtM-34SPC

SYNERGY CONTRACTORS, INC.,

      Defendant.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 19; Report), entered on November 8, 2007, recommending that the Joint Motion for Approval and Stipulation for Dismissal with Prejudice (Doc. No. 17; Joint Motion), filed on November 5, 2007, be approved and that the Clerk be directed to dismiss this action and close the file. See Report at 2.  In the Joint Motion, the parties set forth the agreed upon settlement amount and requested that the Court approve the settlement and dismiss the case. See Joint Motion at 1.  In the Settlement Agreement and the Full and Final Mutual Release of All Claims (Settlement Agreement) (Doc. No. 17-1; Joint Motion Exh. 1), the parties provide that Defendants will pay Plaintiff $2,500.00 in lost overtime wages, $2,500 in liquidated damages, $3,235.00 in attorney's fees, and $756.00 in costs. See Joint Notice at 2; Exh. 1.  In addition, the parties request that the Court retain jurisdiction over this action. See Joint Notice at 2. Neither party filed objections to the Report and the time in which

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

to do so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. §636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Thus, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions.

In this case, Plaintiff filed suit against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (FLSA), seeking recovery of unpaid overtime and wages. See Complaint (Doc. No. 1). Thereafter, the parties engaged in settlement negotiations, which resulted in a compromise of the issues and claims raised in this case. See Joint Motion at 1. Upon review of the record, including the Report, Joint Motion, and Settlement Agreement and Full and Final Release of All Claims, the undersigned agrees with Magistrate Judge Chappell that the compromise reached by the parties is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[2] Thus, the Court will accept and adopt Magistrate Judge

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's
(continued...)

Chappell's Report.

Accordingly, it is hereby **ORDERED:**

1. With the addition of footnote 2, Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 19) is **ADOPTED** as the opinion of the Court.

2. The Parties Report to the Court Concerning Settlement (Doc. No. 6) is **GRANTED**.

3. For purposes of satisfying the FLSA, the Settlement Agreement and Full and Final Mutual Release of All Claims is **APPROVED**.[3]

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of February, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc5
Copies to:
Counsel of Record

---

[2](...continued)
counsel constitutes a reasonably hourly rate in this or any applicable market.

[3]   The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and Full and Final Mutual Release of All Claims. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.